IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,                          )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )   C.A. No. 13-1455 (LPS)
                                           )
EMC CORPORATION, *et al.*,                 )
                                           )
                    Defendants.            )

## ANSWER OF EMC CORPORATION AND EMC INTERNATIONAL U.S. HOLDINGS TO CLOUDING IP, LLC'S COMPLAINT

Defendants EMC Corporation and EMC International U.S. Holdings, Inc. (collectively "EMC"), by and through their undersigned counsel, hereby respond to the Complaint for Patent Infringement (the "Complaint") of Clouding IP, LLC ("Clouding" or "Plaintiff"). Except as expressly admitted below, EMC denies each and every allegation in the Complaint.

## NATURE OF ACTION

EMC admits that Clouding purports to bring an action for patent infringement under 35 U.S.C. § 1, *et seq.* EMC denies all remaining allegations in the unnumbered opening paragraph of the Complaint for Patent Infringement.

## PARTIES

1.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and on that basis denies them.

2.     EMC admits that EMC Corporation is a corporation established under the laws of the Commonwealth of Massachusetts with a principal place of business at 176 South Street, Hopkinton, Massachusetts 01748. EMC further admits that EMC Corporation's registered agent

for service of process is CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

3.     EMC denies that EMC International U.S. Holdings, Inc. has its principal place of business at 171 South Street, Hopkinton, Massachusetts, 01748.   EMC admits that EMC International U.S. Holdings, Inc. is a Delaware Corporation with its principal place of business at 176 South Street, Hopkinton, Massachusetts, 01748.   EMC further admits that EMC International U.S. Holdings' registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.     EMC admits the allegations of paragraph 4.

5.     EMC denies that EMC holds approximately 79.6% of VMware's outstanding stock.   EMC admits that, as of June 30, 2013, EMC Corp. held approximately 79.8% of VMware's outstanding common stock and 97.2% of the voting power of outstanding common stock.

6.     EMC denies the allegations of paragraph 6 as to EMC. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 as to VMware, Inc. ("VMware"), and on that basis denies them.

## JURISDICTION AND VENUE

7.     EMC admits that Clouding purports to bring this action under the patent laws of the United States, Title 35 of the United States Code.   EMC further admits that 28 U.S.C. §§ 1331 and 1338(a) authorize this Court to hear allegations of patent infringement.   EMC denies that the Court has subject matter jurisdiction because, among other things, on information and belief, Plaintiff lacks standing to bring this action.

8.      For purposes of this action only, EMC admits that it is subject to personal jurisdiction in this judicial district.  EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 as to VMware, and on that basis denies them.  EMC denies all remaining allegations in paragraph 8.

9.      EMC admits that it offers products and services throughout the United States and in this District, but denies that it has committed any acts of patent infringement in this or any other district.  For purposes of this action only, EMC admits that venue is proper in this district under 28 U.S.C. §§ 1391 (b), 1391 (c), and 1400(b), but denies that venue is convenient in this district under 28 U.S.C. § 1404(a).  EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 as to VMware, and on that basis denies them.  EMC denies all remaining allegations in paragraph 9.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,495,607

10.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 9 above as fully set forth herein.

11.     EMC admits that the '607 patent is entitled "Network Management System Having Virtual Catalog Overview of Files Distributively Stored Across Network Domain." EMC denies that the '607 patent was duly and legally issued.  EMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and on that basis denies them.

12.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 of the Complaint.  EMC further states that the allegations are ambiguous and susceptible to multiple meanings.  On these bases, EMC denies the allegations of paragraph 12.

13.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 of the Complaint and on that basis denies them.

14.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 of the Complaint and on that basis denies them.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,825,891

15.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 14 above as fully set forth herein.

16.     EMC admits that the '891 patent is entitled "Key Management for Network Communication." EMC denies that the '891 patent was duly and legally issued. EMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and on that basis denies them.

17.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 as to VMware, and on that basis denies them. With respect to EMC, the allegations of paragraph 17 concerning "products and/or services for cloud computing" and "use of a method for updating a tunnel record" are ambiguous and susceptible to multiple meanings. For these reasons, EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17 and on that basis denies them.

18.     EMC denies the allegations of paragraph 18 of the Complaint as to EMC. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 as to VMware, and on that basis denies them.

19.     EMC denies the allegations of paragraph 19 of the Complaint as to EMC. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 as to VMware, and on that basis denies them.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,944,839

20.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 19 above as fully set forth herein.

21.     EMC admits that the '839 patent is entitled "System and Method for Automatically Maintaining a Computer System." EMC denies that the '839 patent was duly and legally issued. EMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21, and on that basis denies them.

22.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 as to VMware, and on that basis denies them. With respect to EMC, the allegations of paragraph 22 concerning "products and/or services for cloud computing" and "use of a method for optimizing computer systems" are ambiguous and susceptible to multiple meanings. For these reasons, EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 and on that basis denies them.

23.     EMC denies the allegations of paragraph 23 of the Complaint as to EMC. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 as to VMware, and on that basis denies them.

24.     EMC denies the allegations of paragraph 24 of the Complaint as to EMC. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 as to VMware, and on that basis denies them.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,631,449

25.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 24 above as fully set forth herein.

26.     EMC admits that the '449 patent is entitled "Dynamic Distributed Data System and Method."   EMC denies that the '449 patent was duly and legally issued.   EMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26, and on that basis denies them.

27.     The allegations of paragraph 27 concerning "cloud computing products and/or services" and "maintain storage object consistency across nodes" are ambiguous and susceptible to multiple meanings.   For these reasons, EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27 and on that basis denies them.

28.     EMC denies the allegations of paragraph 28 of the Complaint.

29.     EMC denies the allegations of paragraph 29 of the Complaint.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,738,799

30.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 29 above as fully set forth herein.

31.     EMC admits that the '799 patent is entitled "Methods and Apparatuses for File Synchronization and updating Using a Signature List."   EMC denies that the '799 patent was duly and legally issued.   EMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31, and on that basis denies them.

32.     The allegations of paragraph 32 concerning "products and/or services for cloud computing" and "use of a method for updating records in computer networks" are ambiguous and susceptible to multiple meanings.   For these reasons, EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32 and on that basis denies them.

33.     EMC denies the allegations of paragraph 33 of the Complaint.

34.     EMC denies the allegations of paragraph 34 of the Complaint.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,925,481

35.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 34 above as fully set forth herein.

36.     EMC admits that the '481 patent is entitled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device." EMC denies that the '481 patent was duly and legally issued. EMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36, and on that basis denies them.

37.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 as to VMware, and on that basis denies them. With respect to EMC, the allegations of paragraph 37 concerning "products and/or services for cloud computing" and "use of a method for data access and manipulation from a pervasive device" are ambiguous and susceptible to multiple meanings. For these reasons, EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37 and on that basis denies them.

38.     EMC denies the allegations of paragraph 38 of the Complaint as to EMC. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 as to VMware, and on that basis denies them.

39.     EMC denies the allegations of paragraph 39 of the Complaint as to EMC. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 as to VMware, and on that basis denies them.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,254,621

40.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 39 above as fully set forth herein.

41.     EMC admits that the '621 patent is entitled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device." EMC denies that the '621 patent was duly and legally issued.  EMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 41, and on that basis denies them.

42.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 as to VMware, and on that basis denies them.  With respect to EMC, the allegations of paragraph 42 concerning "products and/or services for cloud computing" and "use of a method for enabling data access and manipulation from a pervasive device" are ambiguous and susceptible to multiple meanings.  For these reasons, EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42 and on that basis denies them.

43.     EMC denies the allegations of paragraph 43 of the Complaint as to EMC.  EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 as to VMware, and on that basis denies them.

44.     EMC denies the allegations of paragraph 44 of the Complaint as to EMC.  EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 as to VMware, and on that basis denies them.

## COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 7,065,637

45.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 44 above as fully set forth herein.

46.     EMC admits that the '637 patent is entitled "System for Configuration of Dynamic Computing Environments Using a Virtual Interface." EMC denies that the '637 patent was duly and legally issued. EMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 46, and on that basis denies them.

47.     EMC lacks sufficient information to admit or deny the allegations of paragraph 47 of the Complaint. EMC further states that the allegations are vague and ambiguous. On these bases, EMC denies the allegations of paragraph 47.

48.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 48 of the Complaint and on that basis denies them.

49.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 49 of the Complaint and on that basis denies them.

## COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 7,272,708

50.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 49 above as fully set forth herein.

51.     EMC admits that the '708 patent is entitled "System for Configuration of Dynamic Computing Environments Using a Visual Interface." EMC denies that the '708 patent was duly and legally issued. EMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 51, and on that basis denies them.

52.     EMC lacks sufficient information to admit or deny the allegations of paragraph 52 of the Complaint. EMC further states that the allegations are vague and ambiguous. On these bases, EMC denies the allegations of paragraph 52.

53.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 53 of the Complaint and on that basis denies them.

54.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 54 of the Complaint and on that basis denies them.

## COUNT XI: INFRINGEMENT OF U.S. PATENT NO. 7,032,089

55.     EMC repeats and incorporates by reference the responses in paragraphs 1 through 54 above as fully set forth herein.

56.     EMC admits that the '089 patent is entitled "Replica Synchronization Using Copy-On-Read Technique." EMC denies that the '089 patent was duly and legally issued. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56, and on that basis denies them.

57.     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 as to VMware, and on that basis denies them. With respect to EMC, the allegations of paragraph 57 concerning "products and/or services for cloud computing" and "synchronizing data maintained in separate storage areas using a copy-on-read technique" are ambiguous and susceptible to multiple meanings. For these reasons, EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 57 and on that basis denies them.

58.     EMC denies the allegations of paragraph 58 of the Complaint as to EMC. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 as to VMware, and on that basis denies them.

59.     EMC denies the allegations of paragraph 59 of the Complaint as to EMC. EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 as to VMware, and on that basis denies them.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

1.    EMC denies that Plaintiff Clouding is entitled to any relief whatsoever from EMC, as prayed for in the Complaint or otherwise.

2.    EMC acknowledges that Plaintiff Clouding has demanded a jury trial on all issues and claims so triable.

## DEFENSES

EMC incorporates the above admissions and denials in paragraphs 1-59 and Response to Plaintiff's Prayer for Relief paragraphs 1-2. By raising the following defenses, EMC does not assume the burden of proof of any issue that, as a matter of law, is plaintiff's burden to prove. EMC reserves the right to allege additional defenses as they become known throughout the course of discovery.

## FIRST DEFENSE: Non-infringement

1.    EMC has not infringed and does not infringe any claims of the '891, '839, '449, '799, '481, '621, or '089 patents (collectively the "Asserted Patents"), either literally or under the doctrine of equivalents.

## SECOND DEFENSE: Invalidity

2.    The Asserted Patents are invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. § 101, 102, 103 and 112.

## THIRD DEFENSE: Laches/Unclean Hands/Estoppel/Waiver

3.    Plaintiff's claims are barred and/or unenforceable, in whole or in part, under the doctrines of laches, unclean hands, estoppel and/or waiver.

### FOURTH DEFENSE: Prosecution History Estoppel

4.      Plaintiff's claims for relief are limited by the doctrine of prosecution history estoppel.

### FIFTH DEFENSE: Marking/Limitation of Damages

5.      Plaintiff's claims for damages, if any, are limited by 35 U.S.C. §§ 286, 287 and/or 288.

### SIXTH DEFENSE: Limitation under 28 U.S.C. § 1498

6.      Plaintiff's claims for relief are limited by 28 U.S.C. § 1498.

### SEVENTH DEFENSE: Lack of Standing

7.      Plaintiff lacks standing to bring this action.

### EIGHTH DEFENSE: Failure to State a Claim

8.      Plaintiff's claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

### RESERVATION OF RIGHTS

9.      EMC reserves its rights to raise additional defense, including but not limited to, license, patent exhaustion, waiver, patent misuse, equitable estoppel, judicial estoppel, and inequitable conduct, based on additional information learned during discovery or otherwise.

### JURY DEMAND

EMC hereby demands a trial by jury on all issues properly triable before a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

OF COUNSEL:

Chris R. Ottenweller
Karen G. Johnson-McKewan
Bas de Blank
Ryan C. Micallef
Davis C. Doherty
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Paul T. Dacier
Krishnendu Gupta
William R. Clark
Thomas A. Brown
EMC CORPORATION
176 South Street
Hopkinton, MA 01748

October 10, 2013

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 10, 2013, upon the following in the manner indicated:

Richard D. Kirk, Esquire                          *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Attorneys for Clouding IP, LLC*

Marc. A. Fenster, Esquire                         *VIA ELECTRONIC MAIL*
Dorian S. Berger, Esquire
Brian Ledahl, Esquire
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
*Attorneys for Clouding IP, LLC*

Jack B. Blumenfeld (#1014)