## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC, | |
|   Plaintiff, | |
|       v. | C.A. No. 12-675-LPS |
| RACKSPACE HOSTING, INC., RACKSPACE US, INC., AND JUNGLE DISK, LLC, | **JURY TRIAL DEMANDED** |
|   Defendants. | |

| | |
|---|---|
| CLOUDING IP, LLC, | |
|   Plaintiff, | |
|       v. | C.A. No. 12-639-LPS |
| GOOGLE, INC., | **JURY TRIAL DEMANDED** |
|   Defendant. | |

| | |
|---|---|
| CLOUDING IP, LLC, | |
|   Plaintiff, | |
|       v. | C.A. No. 12-1078-LPS |
| MOTOROLA MOBILITY, LLC, | **JURY TRIAL DEMANDED** |
|   Defendant. | |

CLOUDING IP, LLC,

    Plaintiff,

          v.

AMAZON.COM INC., AND AMAZON
    WEB SERVICES, LLC

    Defendants.

C.A. No. 12-641-LPS

**JURY TRIAL DEMANDED**

CLOUDING IP, LLC,

    Plaintiff,

          v.

EMC CORP., ET AL.,

    Defendants.

C.A. No. 13-1455-LPS

**JURY TRIAL DEMANDED**

CLOUDING IP, LLC,

    Plaintiff,

          v.

DROPBOX INC.,

    Defendant.

C.A. No. 13-1454-LPS

**JURY TRIAL DEMANDED**

CLOUDING IP, LLC,

    Plaintiff,

          v.

SAP AG, ET AL.,

    Defendants.

C.A. No. 13-1456-LPS

**JURY TRIAL DEMANDED**

CLOUDING IP, LLC,

    Plaintiff,

          v.

C.A. No. 13-1458-LPS

VERIZON ONLINE LLC, TERREMARK
NORTH AMERICA LLC, AND VERIZON
BUSINESS NETWORK SERVICES INC.,

**JURY TRIAL DEMANDED**

    Defendant.

---

CLOUDING IP, LLC,

    Plaintiff,

          v.

C.A. No. 13-1342-LPS

AT&T INC.,

**JURY TRIAL DEMANDED**

    Defendant.

---

CLOUDING IP, LLC,

    Plaintiff,

          v.

C.A. No. 13-1338-LPS

CA TECHNOLOGIES INC.,

**JURY TRIAL DEMANDED**

    Defendant.

---

CLOUDING IP, LLC,

    Plaintiff,

          v.

C.A. No. 13-1453-LPS

CITRIX SYSTEMS, INC.

**JURY TRIAL DEMANDED**

    Defendant.

CLOUDING IP, LLC,

    Plaintiff,

            v.

SIEMENS ENTERPRISE
COMMUNICATIONS GMBH & CO KG ET
AL.,

    Defendants.

C.A. No. 13-1457-LPS

**JURY TRIAL DEMANDED**

CLOUDING IP, LLC,

    Plaintiff,

            v.

HEWLETT-PACKARD COMPANY,

    Defendant.

C.A. No. 13-1341-LPS

**JURY TRIAL DEMANDED**

## [PROPOSED] SCHEDULING ORDER

    This __ day of _____, 2013, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on December 20, 2013, with Clouding IP, LLC ("Plaintiff") and Defendants in each of the above-captioned cases (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "parties"), and the parties having determined after discussion that the matter cannot be resolved at this junction by settlement, voluntary mediations, or binding arbitration;

IT IS ORDERED that:[1]

_____

[1] This schedule applies to all litigations, except in the cases against Amazon, Google, Motorola Mobility and Rackspace it shall not govern the initial disclosures under Rule 26 of the Federal Rules of Civil Procedures and disclosures under Paragraphs 3 and 4 of the Delaware Default

1.     Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is incorporated herein by reference, although dates and timing explicitly set forth in this Scheduling Order shall supersede any dates and timing set forth in the Court's Default Standard for Discovery.  The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the Default Standard disclosures on or before February 10, 2014.  The following deadlines will apply to initial discovery.

a)  On or before January 3, 2014, the Plaintiff shall specifically identify the accused products and asserted patents they allege infringe, and produce the file history for each asserted patent as described by Rule 4(a).

b)  On or before March 21, 2014, each Defendant shall produce to the Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications as described by Rule 4(b).

c)  On or before May 15, 2014, Plaintiff shall produce to each Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes as described by Rule 4(c).  At that time, Plaintiff shall limit the number of patent claims asserted against each Defendant Group to no more than ten (10) claims from each patent and not more than a total of forty (40) claims.  For purposes of this order, "Defendant Group" means a group of defendants all named as defendants in a single action.

d)  On or before July 14, 2014, each Defendant shall produce to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidity contention for

_____

Standard for Discovery, and the deadline to respond to contention interrogatories, all of which have already occurred in those cases.

each asserted claim, as well as the related invalidating references (*e.g.*, publications, manuals and patents) as described in Rule 4(d).

Further, the term "accused product" in Sections 4(a), 4(b) and 4(c) of the Default Standard shall mean the "accused functionality(ies) of the accused product."

e) Parties who have not already done so shall file opening briefs for any motions to dismiss related to standing issues and any motions seeking bifurcation of damages and liability no later than December 20, 2013. Answering briefs shall be filed no later than January 6, 2014 and reply briefs are due no later than January 15, 2014.

2. <u>Limitations on Asserted Claims and Prior Art References</u>

a) Within sixty (60) days of receiving the Court's Claim Construction Order, Plaintiff shall limit the number of patent claims asserted against each Defendant Group to no more than six (6) claims from each patent and not more than a total of twenty (20) claims.

b) Within seventy-five (75) days of receiving the Court's Claim Construction Order, the Parties will submit to the Court their proposal or proposals for reducing the number of prior art references on which the Defendants may rely and the timing of that reduction .

3. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to supplement or amend pleadings to join other parties or assert additional patents shall be filed on or before March 1, 2014. All motions to add claims and/or affirmative defenses other than inequitable conduct shall be filed on or before October 1, 2014. Notwithstanding the foregoing, all motions to add claims and/or affirmative defenses for inequitable conduct shall be filed no later than 90 days before the close of fact discovery.

4. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local rule 26.1 shall be strictly observed.

a)  <u>Electronically Stored Information</u>.  The parties shall meet and confer by January 17, 2014 regarding the format for and limitations on the production of Electronically Stored Information and the Court's Default Standard.

b)  <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before February 6, 2015.

c)  <u>Document Production</u>.  Document production shall be substantially complete by October 6, 2014.  The parties agree that this deadline does not apply to email or other electronic correspondence the production of which shall be determined according to Local Rule 4(e).

d)  <u>Requests for Admission</u>.  Plaintiff is permitted fifty (50) common Requests for Admission and may serve up to fifteen (15) Requests for Admission separately on each Defendant or Defendant Group.  Defendants are permitted fifty (50) common Requests for admission, and each Defendant or Defendant Group may serve up to fifteen (15) specific Requests for Admission on Plaintiff.  There shall be no limit, on the number of requests for admission that Plaintiff and each Defendant or Defendant Group may serve directed solely to the authentication of documents and things.  The parties are required to meet and confer in good faith prior to serving any requests for admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.

e)  <u>Interrogatories</u>

i.   Plaintiff is permitted twenty (20) common interrogatories and may serve up to fifteen (15) individual interrogatories to each Defendant or Defendant Group.  The Defendants are permitted twenty (20) common interrogatories, and each Defendant or Defendant Group may serve up to twenty (20) individual interrogatories to Plaintiff.  The parties agree that for the purposes of the interrogatory limits above, interrogatories seeking information related to

more than one patent-in-suit or more than one accused product or more than one prior art reference will not constitute multiple discrete subparts under Federal Rule of Civil Procedure 33(a)(1) solely on the basis of there being multiple patents or multiple accused products or multiple prior art references. This agreement does not restrict any party's right to object to interrogatories comprised of more than one discreet subpart on any other basis.  Defendants agree that the ten (10) common interrogatories served by certain defendants prior to this order count towards the interrogatory limits above.  However, Plaintiff shall supplement its responses to these ten common interrogatories to include all defendants and all asserted patents no later than January 31, 2014, except as to any contention interrogatories addressed by subparagraph ii below.

      ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than July 22, 2014, with the responsive answers due within thirty (30) days. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

      f)  <u>Depositions</u>

      i.    <u>Limitation on Hours for Deposition Discovery</u>.  Plaintiff may take a maximum of 70 hours of depositions of each Defendant or Related Defendant Group, exclusive of expert and third-party depositions.  The Defendants may take a combined maximum of 70 hours of deposition of Plaintiff, exclusive of expert and third-party depositions.  Third-party deposition hours shall not be limited because given the number of patents-in-suit, and the unknown numbers of witnesses involved in the patent prosecution and prior art, it would be

premature and impractical to impose a limit. Depositions of the inventors of any of the patents asserted against any Defendant or Related Defendant Group shall be limited to a maximum of fourteen (14) hours per inventor and shall not count toward Defendants' deposition hour limits.

Where an inventor is designated as a 30(b)(6) witness, the inventor deposition time does not limit 30(b)(6) deposition hours. Except as provided herein, each fact deposition is limited to a maximum of seven (7) consecutive hours, unless otherwise agreed to by the parties. Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties or upon order of the Court upon good cause shown.

     ii.     <u>Location of Depositions</u>. The parties agree that in this case the deposition of any individual, including any individual testifying as a Rule 30(b)(6) witness for a corporate entity, will presumptively take place where the witness resides, or at least some other mutually agreeable location. Any individual resident in a foreign country who is produced as a Rule 30(b)(6) witness for a party shall be made available for deposition at a mutually agreeable location within the continental United States.

     g)  <u>Limitation on Hours for Expert Deposition Discovery</u>. No later than ten (10) days following the exchange of responsive disclosures of expert opinions, the parties shall meet and confer regarding the limitation on hours for expert deposition discovery and attempt in good faith to reach agreement on such limitation. No later than seven (7) days following the parties meet and confer, the parties shall file a joint statement regarding the outcome of their conference regarding limitation on hours of expert deposition discovery and identify any issues in dispute that require the Court's attention.

     h)  <u>Disclosure of Expert Testimony</u>.

     i.    <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before ninety (90) days following the Court's claim construction ruling.  Responsive disclosures of expert opinions to contradict or rebut evidence on the same matter identified by another party are due on or before one hundred fifty (150) days following the Court's claim construction ruling. Reply expert reports from the party with the initial burden of proof are due on or before one hundred eighty (180) days following the Court's claim construction ruling.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Expert depositions shall be completed no later than two hundred and twenty (220) days following the Court's claim construction ruling.

     ii.    <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

     i)  <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference.  On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on

those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

j) <u>Protective Order</u>. Defendants propose that the parties submit a proposed Protective Order to the Court no later than January 15, 2014.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.      ADR Process.   These matters are referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8.      Interim Status Report. On August 8, 2014, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

9.      Tutorial Describing the Technology and Matters in Issue.   Unless otherwise ordered by the Court, the parties shall provide the Court, no later than October 29, 2014, a tutorial on the technology at issue.  The parties will meet and confer and submit a proposal to the Court regarding the length of the tutorial and the number of patents/technologies.  The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than November 5, 2014.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10.     Claim Construction Issue Identification.   On July 9, 2014, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On July 23, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on August 6, 2014. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed

constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

11.    Claim Construction Briefing.  The parties shall contemporaneously submit initial briefs on claim construction issues on September 12, 2014.  The parties' answering/responsive briefs shall be contemporaneously submitted on October 13, 2014.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12.    Hearing on Claim Construction.  Beginning at 10:00 a.m. on November 12th and 13th 2014, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13.    Case Dispositive Motions.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before 260 days following this Court's issuance of its Claim Construction Order.  Briefing will be presented pursuant to the Court's Local Rules.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each party will be limited to a combined total pages for all opening briefs, and there will be corresponding limits on answering and reply briefs.  The parties will propose to the Court the appropriate page limitations no later than 90 days after the issuance of the Court's Claim Construction Order.

14.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1

15.    <u>Pretrial Conference</u>.   On a date to be determined at the Trial Scheduling Conference, the Court will hold a final pretrial conference in the first of these actions in Court with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before a time to be set by the Court at a later date.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

16.    <u>Motions in Limine</u>.  Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered

by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

17.  <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

18.  <u>Trial</u>.  The first trial in these matters will be scheduled for trial beginning at a time to be set by the Court at a later date, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
The Honorable Leonard P. Stark
United States District Judge