IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    C.A. No. 13-1455 (LPS)
                                     )
EMC CORPORATION, *et al.*,           )    **TGFCEVGF**
                                     )    **PUBLIC VERSION**
            Defendants.              )

**REPLY BRIEF IN SUPPORT OF DEFENDANTS EMC CORP.,
EMC INTERNATIONAL U.S. HOLDINGS, INC. AND VMWARE, INC.'S
<u>MOTION TO DISMISS FOR LACK OF STANDING</u>**

OF COUNSEL:

Chris R. Ottenweller
Karen G. Johnson-McKewan
Bas de Blank
Monte M. F. Cooper
Stacey E. Stillman
Jason K. Yu
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 614-7400

Paul T. Dacier
Krishendu Gupta
William R. Clark
Thomas A. Brown
EMC CORPORATION
176 South Street
Hopkinton, MA  01748

Angela L. Padilla
Jessica W. Rossman
VMWARE, INC.
3401 Hillview Avenue
Palo Alto, CA 94304

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
psaindon@mnat.com

*Attorneys for EMC Corp., EMC
International U.S. Holdings, Inc. and
VMware, Inc.*

Original Filing Date:  January 15, 2014
Redacted Filing Date:  January 22, 2014

## TABLE OF CONTENTS

**Page No**.

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ..................................................................................................................... 2

    A.   Standing Is Determined by the "All Substantial Rights" Test Regardless of Labels. ..... 2

    B.   Clouding IP Has Failed to Satisfy Its Burden. ................................................................ 4

III.  CONCLUSION .................................................................................................................. 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A123 Sys., Inc. v. Hydro-Quebec*,
  626 F.3d 1213 (Fed. Cir. 2010)................................................................................................2

*Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*,
  604 F.3d 1354 (Fed. Cir. 2010)............................................................................................2, 4

*Fieldturf v. Sw. Recreational Indus.*,
  357 F.3d 1266 (Fed. Cir. 2004)................................................................................................4

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007)..........................................................................................2, 3, 4

*Sicom Sys. Ltd. v. Agilent Techs. Inc.*,
  427 F.3d 971 (Fed. Cir. 2005)..............................................................................................3, 4

*Sky Techs. LLC v. SAP AG*,
  576 F.3d 1374 (Fed. Cir. 2009)................................................................................................2

*Waterman v. Mackenzie*,
  138 U.S. 252 (1891)............................................................................................................2, 3

**Statutes**

35 U.S.C. § 281...........................................................................................................................3

## I.   **INTRODUCTION**

Clouding IP makes no effort to demonstrate that it possesses "all substantial rights" in the asserted patents.  That is a fatal flaw in its standing position.  Because it has not made that showing, it has not satisfied its burden to establish standing.

Clouding IP argues that "[t]he 'all substantial rights' analysis simply does not apply to Clouding" because the ███████████████████████████████████████████ ████████████████████████████████████████ (Opp'n at 6-7.)  Clouding IP is wrong on two counts.  First, boilerplate and conclusory recitals in the PPA do not end the inquiry as Clouding IP contends.  Rather, the Court must examine the substance of the PPA to determine if the boilerplate characterization is accurate.  That has been the law in standing cases for more than a hundred years, yet Clouding IP completely ignores this principle of law in its opposition brief.

Second, the "all substantial rights" test applies to any party asserting standing to file a patent infringement case.  A "patentee" or owner of a patent by definition is a party who possesses all substantial rights in a patent.  The Supreme Court and Federal Circuit have made clear that if a party does not possess all substantial rights—regardless of what label it claims—it lacks standing to sue for infringement on its own.

Defendants have shown by analyzing the substance of the PPA that Clouding IP does not possess all substantial rights in the asserted patents.  Clouding IP has not contested that showing, electing to stand instead on its erroneous position that the Court need only look at the boilerplate recitals in the PPA.  If the Court rejects that position, which under the controlling precedent it must, Defendants' motion must be granted because the record before the Court demonstrates without dispute that Clouding IP does not possess all substantial rights.

1

## II.   ARGUMENT

### A.   Standing Is Determined by the "All Substantial Rights" Test Regardless of Labels.

A patent is a bundle of rights that may be divided among multiple parties, but only the entity or group that holds the entire bundle of sticks can sue in its own name.  *E.g.*, *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007) ("When a party holds all rights or all substantial rights, it alone has standing to sue for infringement."); *see also Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1359 (Fed. Cir. 2010) ("[A] patent may not have multiple separate owners for purposes of determining standing to sue.").

A "patentee" by definition is the entity that possesses all substantial rights in a patent. Regardless of the labels used by the parties, the law considers the holder of all substantial rights to be the true patent owner.  *See A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir. 2010) ("In determining ownership for purposes of standing, labels given by the parties do not control.  Rather, the court must determine whether the party alleging effective ownership has in fact received all substantial rights from the patent owner."); *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009) ("A party that has been granted all substantial rights under the patent, regardless of how the parties characterize the transaction that conveyed those rights, is considered to have legal title, and therefore standing." (internal quotation marks omitted)).  An entity with fewer than all substantial rights—who therefore fails to meet the definition of a "patentee"—cannot sue on its own.  *See Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891) ("Any assignment or transfer, short of [conveying the whole patent, an undivided part of the patent, or full exclusive rights within a specified part of the United States], is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement."); *Alfred E. Mann*, 604 F.3d at 1360 ("When a plaintiff lacking a sufficiently large

2

portion of rights brings suit, that plaintiff does not have standing to sue on his own, and the suit must be dismissed, or additional holders of rights under the patent must be joined as parties to the suit . . . .").

When a plaintiff claims to own patents pursuant to a transfer of patent rights, what matters is not the labels the parties attach to the transaction but the substance of the transaction. The Supreme Court articulated this rule of law over one hundred years ago: "Whether a transfer of a particular right or interest under a patent is an assignment or a license ***does not depend on the name by which it calls itself***, but upon the legal effect of its provisions." *Waterman* 138 U.S. at 256 (emphasis added).  Recent Federal Circuit precedent confirms the ongoing validity of this rule.  *See, e.g.*, *Morrow*, 499 F.3d at 1340 n.7 ("[I]n determining whether a party holds the exclusionary rights, we determine the substance of the rights conferred on that party, not to the characterization of those rights as exclusive licenses or otherwise.").  The position Clouding IP takes—that a mere recital in a transfer agreement is determinative—would allow parties easily to circumvent the rules of standing.  A transferor could recite in a contract that it is assigning "all right, title and interest" in a patent without really doing so.  Yet under Clouding IP's erroneous view of the law, a court could never look behind the recital.  Standing requirements cannot so easily be ignored.

Under *Waterman* and its progeny, regardless of whether the PPA calls Clouding IP a licensee or an assignee, Clouding IP must still possess all substantial rights in order to be considered the patentee with standing to sue.  *See also Sicom Sys. Ltd. v. Agilent Techs. Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) ("This court has defined 'all substantial rights' as those rights sufficient for the licensee ***or assignee*** to be 'deemed the effective patentee under 35 U.S.C. § 281.'" (emphasis added)).

**B.      Clouding IP Has Failed to Satisfy Its Burden.**

It is Clouding IP's burden to establish standing.  *See Sicom*, 427 F.3d at 976 ("The party bringing the action bears the burden of establishing that it has standing."); *Fieldturf v. Sw. Recreational Indus.*, 357 F.3d 1266, 1268 (Fed. Cir. 2004).  Clouding IP, however, has taken the position that it "does not need to show it . . . has 'the exclusive right to practice the patents,' 'all substantial rights,' or 'all substantial rights in the asserted patents'" (Opp'n at 7 (citations omitted)) and therefore has made no effort to show that it possesses all substantial rights as required by governing precedent.  Indeed, Clouding IP appears to ███████████████████

█████████████████████████████████████████.  (*See* Opp'n at 11 (arguing ███████████

██████████████████████████████████████████████████).)  Clouding IP's failure to contest Defendants' showing that Clouding IP does not possess all substantial rights is fatal.

Clouding IP has also introduced a red herring by suggesting that the Court should ██████████████████████████████████████████████.  (Opp'n at 10-11.)  But █████████████████████████████████.  The only question before the Court is Clouding IP's standing.

As the Federal Circuit has warned, "[w]hile parties are free to assign some or all patent rights as they see fit based on their interests and objectives, this does not mean that the chosen method of division will satisfy standing requirements."  *Morrow*, 499 F.3d at 1341 n.8.  Here, ███████████████████████████████████████████████████████████████████████████

████████████████████████████████  *See Alfred E. Mann*, 604 F.3d at 1360 ("When a plaintiff lacking a sufficiently large portion of rights brings suit, that plaintiff does not have standing to sue on his own, and the suit must be dismissed, or additional holders of rights under the patent must be joined as parties to the suit . . . .").

4

III.    __CONCLUSION__

For the foregoing reasons, Defendants respectfully request that the Court dismiss this case for lack of subject matter jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Chris R. Ottenweller
Karen G. Johnson-McKewan
Bas de Blank
Monte M. F. Cooper
Stacey E. Stillman
Jason K. Yu
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 614-7400

Paul T. Dacier
Krishendu Gupta
William R. Clark
Thomas A. Brown
EMC CORPORATION
176 South Street
Hopkinton, MA  01748

Angela L. Padilla
Jessica W. Rossman
VMWARE, INC.
3401 Hillview Avenue
Palo Alto, CA 94304

January 15, 2014

7918151

*/s/ Paul Saindon*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
psaindon@mnat.com

*Attorneys for EMC Corp., EMC*
*International U.S. Holdings, Inc. and*
*VMware, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 22, 2014, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                    *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Attorneys for Clouding IP, LLC*

Marc. A. Fenster, Esquire                                   *VIA ELECTRONIC MAIL*
Dorian S. Berger, Esquire
Brian Ledahl, Esquire
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
*Attorneys for Clouding IP, LLC*

*/s/ Paul Saindon*

_____

Paul Saindon (#5110)