IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLOUDING IP, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-1455-LPS |
| | : | |
| EMC CORPORATION, EMC | : | |
| INTERNATIONAL US HOLDINGS, | : | |
| INC., and VMWARE, INC., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **30th** day of **September, 2015**:

Having reviewed the parties' briefing and other materials filed with respect to Defendants EMC Corp., EMC International U.S. Holdings, Inc., and VMware, Inc.'s ("Defendants") motion "for an award of their attorney's fees under 35 U.S.C. § 285 and the Court's inherent power to assess attorney's fees" (D.I. 82, 83, 87, 92), **IT IS HEREBY ORDERED** that Defendants' motion (D.I. 82) is **DENIED**, for the reasons stated below.

1. Plaintiff Clouding IP, LLC ("Plaintiff") sued Defendants for patent infringement on August 17, 2013. (D.I. 1) ("Complaint") On December 20, 2013, Defendants moved to dismiss Plaintiff's Complaint based on lack of standing. (D.I. 32) The Court granted Defendants' motion to dismiss on July 28, 2014. (D.I. 69) Plaintiff moved for reargument and reconsideration of the Court's July 28, 2014 Order on August 11, 2014. (D.I. 75) The Court denied Plaintiff's motion for reargument on November 17, 2014. (D.I. 81) On December 8, 2014, Defendants moved for attorney fees. (D.I. 82)

1

2.      Defendants list a series of factual allegations in support of their request for attorney fees, including allegations that Plaintiff (1) filed "massive patent litigation" in seriatim, placing "substantial burdens on the Court and a broad group of defendants" (*see* D.I. 83 at 2-3); (2) was "on notice" as to doubts about its "standing to sue" early in the litigation, but made no attempt to demonstrate that it possessed "all substantial rights" in the asserted patents (*see id.* at 3-4); (3) continued litigating after the Court dismissed Plaintiff's Complaint for lack of standing (*see generally* D.I. 68) and even after the Court denied Plaintiff's motion for reargument on the standing issue (*see* D.I. 83 at 4-6); and (4) caused Defendants to incur over three million dollars in "attorneys' fees and costs" (*see id.* at 7-8).

3.      In patent cases that are deemed "exceptional," a Court may award "reasonable attorney fees" to the "prevailing party." 35 U.S.C. § 285. Federal Circuit law applies when interpreting and applying § 285. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006). The Supreme Court has held that an "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Ultimately, the Court must make a discretionary decision based on the totality of circumstances. *See id.* A party moving for attorney fees must demonstrate, by a preponderance of the evidence, that a case is "exceptional." *Id.* at 1758.

4.      To be a "prevailing party" under § 285, a court must award "relief on the merits, either through a judgment on the merits or through a settlement agreement enforced through a consent decree" in favor of the prevailing party. *See Highway Equip.*, 469 F.3d at 1033. It is not

enough that a defendant voluntarily changes its conduct as a result of the litigation, even if the plaintiff "achieve[s] its desired result." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001). "The dispositive issue is thus whether [relief on the merits] had sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties.'" *Highway Equip.*, 469 F.3d at 1034 (quoting *Buckhannon*, 532 U.S. at 605).

5. Awards of attorney fees must be "reasonable."[1] In *Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 356 (D. Del. 2015), the Court discussed the "lodestar" approach, "which has been held . . . to be the method to be used to determine a reasonable attorney fee in all the federal courts." *Id.* (quoting *In re Nicholas*, 496 B.R. 69, 74 (Bankr. E.D.N.Y. 2011) (internal quotation marks omitted)).

> The lodestar amount results from multiplying the amount of time reasonably expended by reasonable hourly rates. The prevailing community market rates assist the court in determining a reasonable hourly rate. The court should exclude all hours that were not reasonably expended. The party seeking fees bears the burden of establishing the reasonableness of both the time expended and the hourly rates. Once the amount of time has been multiplied by a reasonable hourly rate, there are several factors a court may consider to adjust the award upwards or downwards.

*Parallel Iron*, 84 F. Supp. 3d at 356 (internal citations, quotation marks, and ellipsis omitted).

6. At the broadest level, following *Octane Fitness*, the Court may appropriately ask (as part of the totality of the circumstances inquiry) whether it believes this is a case that should not have been filed or, once filed, should have been litigated differently by the non-prevailing

---

[1] Because the Court determines that the instant case is not "exceptional," the Court need not decide whether Defendants' requested attorney fees are reasonable.

3

party. Even assuming that Defendants are the "prevailing" parties in this case – a conclusion the Court need not and does not reach, because Defendants' motions fail on the basis that the instant case is not "exceptional" – the Court finds no basis to conclude that this case should not have been brought. Plaintiff, even if it is a non-practicing entity (*see* D.I. 83 at 2), has a right to vindicate its patent rights. Plaintiff put forward undisputed evidence (*see* D.I. 87 at 7 n.2) that the settlements it reached with other defendants were not "nuisance settlements" that were merely "worth a fraction of what the case would cost to litigate." *See Summit Data Sys., LLC v. EMC Corp.*, 2014 WL 4955689 at *4 (D. Del. Sept. 25, 2014).

7. Defendants' main arguments are that (1) Plaintiff did not perform an "adequate pre-suit investigation" into its standing before suing (*see* D.I. 83 at 15) and (2) Plaintiff continued litigating and failed to "acknowledge its standing problems" after it knew or should have known about the problems (*see id.* at 14). The Court finds that Plaintiff had a good faith, though ultimately incorrect, belief that it had standing to sue throughout the litigation. In particular, the Court agrees with Plaintiff's statement that "[i]t is illogical to believe that Clouding IP would incur the significant time and expenses associated with patent litigation all the while believing that it lacked standing, especially because a party can challenge standing until the last moments of a case, even after a successful judgment." (D.I. 87 at 4) Plaintiff presented a good faith reading of the Patent Purchase Agreement ("PPA"), which purported to grant the "entire right, title, and interest" in the patents-in-suit to Plaintiff. (*See id.* at 6) In addition, the Court finds it plausible that Plaintiff and Symantec Corp. ("Symantec") intended for the PPA to grant all "right, title, and interest" in light of the subsequent "Restated PPA" entered into by Plaintiff and Symantec, which "sought to address all of the issues identified in the Court's ruling" that had

4

dismissed the case for lack of standing. (*Id.* at 7)

8. As long as the test for awarding attorney fees turns on whether the case is "exceptional," the Court is obligated to consider the instant case in comparison to the full panoply of patent cases with which it has been involved, and needs to assess if the instant case is in some meaningful sense "uncommon," "rare," or "not ordinary." *Octane Fitness*, 134 S. Ct. at 1756. Having undertaken this analysis, the Court concludes that nothing about the instant case stands out as "exceptional" in any respect, including the substantive strength of Plaintiff's unsuccessful positions or the manner in which Plaintiff litigated the case. Accordingly, the Court exercises its discretion to deny Defendants' request for attorney fees.[2]

_____
HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[2]Defendants also request attorney fees under the Court's "inherent power and discretion." (D.I. 83 at 16) For the same reasons discussed above with respect to Defendants' request under § 285, and further because the Court finds that Plaintiff has not "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," the Court denies Defendants' request for fees under the Court's inherent power.

5